Williams, Judge,
delivered the opinion of the court:
The plaintiff, a commissioned officer of the United States Navy, with the rank of lieutenant, was by competent authority assigned to the U.S.S. Akron, where he was required to participate regularly and frequently in aerial flights, and where under such orders he did in fact participate in regular .and frequent aerial flights. On September 1, 1931, he be-came incapacitated by reason of an aviation accident. He was on that date admitted to the hospital at Akron, Ohio, •where he remained until December 12, 1931, on which date he was transferred to the Naval Hospital at Washington, D.O., where he remained until February 23, 1932, on which date he was ordered to report, and did report, to the Hureau of Aeronautics for duty involving flying. Between this date and February 29, 1932, the plaintiff performed 24 flights, totaling 10 hours 20 minutes in the air.
Prior to the aviation accident on September 1,1931, plaintiff had performed a sufficient number of flights to entitle him to the flying pay for the month of September, and has received such pay. He did not thereafter, during the period *262 here involved, October 1, 1931, to February 8, 1932, receive the additional flying pay. He seeks in this action to recover such additional pay.
The claim falls within two periods, (1) from October 1, 1931, to December 8, 1931, during which time the flying pay is claimed without the performance of any fights whatever, and (2) from December 8, 1931, to February 8, 1932, during which time flying pay is claimed by reason of the 24 fights, or 10 hours 20 minutes in the air, performed by plaintiff between February 23 and February 29,1932.
The right to additional pay for aerial flight duty, and the conditions under which such payments may be made, are found in section 13 (a) of the act of June 4, 1920, 41 Stat. 768, as amended by section 20 of the act of June 10, 1922, 42 Stat. 632, and section 2 of the act of July 2,1926, 44 Stat. 782, which reads:
“ * * * Officers and enlisted men of the Army shall receive an increase of 50 per centum of their pay when by orders of competent authority they are required to participate regularly and frequently in aerial flights, and when in consequence of such orders they do participate in regular and frequent aerial flights as defined by such Executive orders as have heretofore been, or may hereafter be, promulgated by the President. * * * ”
Paragraph 10 of the President’s Executive order of March 10, 1927, fixes the flight requirements under the foregoing provisions of law as follows:
(a) During 1 calendar month, 10 flights totaling at least 3 hours, or in lieu thereof to be in the air a total of 4 hours.
(b) During 2 consecutive calendar months, when the requirements of (a) have not been met, 20 flights, totaling at least 6 hours, or in lieu thereof to be in the air a total of & hours.
(c) During 3 consecutive calendar months, when the requirements of (b) have not been met, 30 flights, totaling at least 9 hours, or in lieu thereof to be in the air a total of 12 hours.
To be entitled to the additional pay for flying for a given month an aviator must perform the flights or be in the air *263 as prescribed in paragraph (a); or if he fails to make the required flights in any one month, he is entitled to flying pay for that month, provided he makes up such flights in the succeeding month as prescribed in paragraph (b) 5 or if he fails to make the required number of flights in two ■consecutive months, he may make up such flights in the month immediately following as prescribed in paragraph (c). When an officer meets the flying requirements in the manner stated, he is entitled to the flying pay provided in the statute whether the period involved be either one, two, or three months. There is m> provision in the Executive order, however, for making up the requirements prescribed after the expiration of the three months’ period.
The flights prescribed in (a), (b), and (c) of the Executive order are subject to, and must be considered with, the following proviso:
“ * * * Provided, that any officer, warrant officer, or enlisted man who has been required to participate regularly •and frequently in aerial flights by orders of competent •authority and who as a result of such orders has participated regularly and frequently in aerial flights, as defined in this Executive order, and who subsequently becomes incapacitated for flying by reason of an aviation accident, shall not be required to perform such aerial flights' during such incapacity for a period not to exceed three months following the date of said accident. * * * ”
The case turns on the construction placed on the proviso. The defendant contends that the proviso merely excused the plaintiff from the duty of making the aerial flights prescribed in the Executive order during his incapacity for a period not to exceed three months following the date of his accident, September 7, 1931, and does not warrant the payment of flying pay for such period, he not having within that “time performed the flights prescribed in (a), (b), and (c).
The plaintiff, on the other hand, contends that the effect •of the proviso is to relieve him from the duty of making the required flights during the period stated, and entitles him to flying pay during the period without having in fact made such flights. In other words, he contends that so far as his Tight to flying pay is concerned he must be deemed, by virtue ■of the proviso, to have made the flights required in subpara- *264 graphs (a), (b), and (c) of paragraph 10 of the order.
We think the plaintiff’s contention is right. The purpose of a proviso is to explain, limit, or modify the meaning of other provisions of a statute or regulation. The proviso here wholly fails to serve that purpose if it be held that an aviator who sustains an injury is required to make up his flying time within the three months’ period following an aviation accident in which he is incapacitated in order to receive the flying pay for that period, as he would have the right to do that without the proviso, and would not be entitled to the pay unless he did so. In that case the proviso is meaningless, as it in no way changes the rights of the plaintiff or the obligations of the Government under the other provisions of the Executive order. If the proviso be given any meaning whatever it must be that which its plain language imports — that an aviator is excused from the prescribed performance of flights, otherwise required by the order, for a period not in excess of three months where his inability to fly results from an aviation accident, and that he is entitled to flying pay during this period notwithstanding the actual nonperformance of flights. This is the construction the Navy Department, charged with the administration of the applicable statutes, places on the proviso of paragraph 10 of the Executive order. We think it is a reasonable and common sense'interpretation of the Executive order and should not be overruled by the court.
The plaintiff is therefore entitled to recover the additional flying pay for the period from October 1, 1981, to December 8, 1931, the portion of the three months’ period of his incapacitation for which he was not paid, amounting to $256.83.
Under this construction of the Executive order the plaintiff performed the aerial flights required of him up to December 8, 1931. Thereafter, within the time and in the manner prescribed in the Executive order, plaintiff performed the required number of flights to entitle him to two months flying pay under subparagraph (b) of paragraph 10 of the Executive order, amounting to $230.
*265 The plaintiff is entitled to recover, and it is ordered that judgment be entered in his favor for the sum of $486.83.
Whaley, Judge; LittletoN, Judge; and GreeN, Judge, concur.
Booth, Chief Justice, did not hear this case, on account of illness, and took no part in its decision.